IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
IN ADMIRALTY
NO. 5:15-CV-242-BO

| | |
|---|---|
| CROWN PACIFIC INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> HORIZON LINES, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) | O R D E R |

This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint as time-barred and for failure to state a claim upon which relief can be granted. [DE 11]. Plaintiff has responded in opposition. [DE 14]. For the reasons stated below, defendant's motion is GRANTED and plaintiff's complaint [DE 1] is DISMISSED as time-barred.

BACKGROUND

In 2012, plaintiff and defendant entered into an agreement for defendant to transport a container of ginger for plaintiff via container ship from Honolulu, Hawaii to Los Angeles, California. The Service Request Summary detailing the transaction states an "ETD" (estimated time of departure) from Hawaii as November 30, 2012, and an "ETA" (estimated time of arrival) in Los Angeles of December 6, 2012, with an ETA at final destination of December 7, 2012. [DE 1-1]. However, defendant in fact shipped the container on a vessel leaving Hawaii on December 6, 2012, and arriving at the final destination on December 14, 2012. Plaintiff alleges that because of the delay in shipping the quality of the ginger degraded to such an extent that the intended

buyer refused to accept it, necessitating finding a new buyer to sell to at a discounted price and ultimately costing plaintiff $72,132.69. [DE 1-4].

On December 21, 2012, plaintiff submitted a formal claim for the loss to defendant. [DE 15-1]. Defendant denied liability on February 14, 2013. [DE 15-1]. Plaintiff filed a complaint on the matter in Wake County District Court on January 13, 2014, which defendant removed to this Court on February 12, 2014. The complaint, executed on Wake County paperwork, was dismissed without prejudice by this Court under Federal Rule of Civil Procedure 12(b)(6) on March 27, 2014. Plaintiff filed the instant matter on June 8, 2015, about 15 months after the initial dismissal by this Court and about 30 months after the incident occurred. [DE 1].

## DISCUSSION

Contracts concerning water carrier liability are governed by the Harter Act. 46 U.S.C. § 30701 *et seq*. Parties to such a contract may incorporate the terms of the Carriage of Goods by Sea Act, or COGSA, into their bills of lading. 46 U.S.C. § 1300 *et seq*. Therefore, this matter is properly before the Court in admiralty under either the Harter Act or COGSA.

The COGSA contains a one-year statute of limitations. 46 U.S.C. § 1303(6); *Alpha Int'l Trading Co. v. Maersk, Inc.*, 141 F. Supp. 2d 580, 582-583 (W.D.N.C. 2001). The Harter Act does not itself contain a statute of limitations clause; however, contracts under the Harter Act may include a reasonable provision, such as the one-year instituted under the COGSA. *Capital Ptnrs. Int'l Ventures, Inc. v. Danzas Corp.*, 309 F. Supp. 2d 1138, 1145 (N.D. Cal. 2004); *see also B. Elliott (Canada), Ltd. v. John T. Clark & Son, Inc.*, 704 F.2d 1305, 1307 (4th Cir. 1983).

Statute of limitations provisions are commonly incorporated into shippers' terms and conditions and tariff documents. Tariffs are filed with the Federal Maritime Commission and, thus, can be made available to customers, potential customers, and the public. Here, defendant's

2

tariff documents contained language establishing time limits for claims of defendant liability for loss or damage. Defendant's tariff 361-01 and bill of lading text read, in relevant part:

> [c]arrier and the vessel shall be discharged from all liability in respect of loss or damage unless a claim in writing has been made *within one year* after delivery of the goods or date when the goods should have been delivered; or, if a claim has been timely made, but declined, suit is not brought *within two years* from the date of declination of the claim in whole or part.

[DE 12-3] (emphasis added). Defendant claims this language is controlling, and plaintiff cites to this same language in its response in opposition to the instant motion. [DE 11, 14]. Nowhere in its response does plaintiff contend that it was unaware of this time limitation or that it is *per se* invalid.[1] *Id.* Instead, the parties disagree on whether plaintiff's claim was ever declined, thus starting the two-year clock.

Plaintiff contends that it first made written demand upon defendant for damages on March 21, 2013, and that this demand went unanswered. [DE 14]. Plaintiff also states that "[t]here are no fact [*sic*] before this Court that would allow for a finding of the date of Defendant's date of declination and therefore there is no basis upon which Defendant's Motion to Dismiss should be granted for the lapsing of a statute of limitation." [DE 14]. However, examination of defendant's reply to this assertion rebuts it completely. In its reply, defendant included an email from plaintiff on December 21, 2012, which discussed the facts at issue in this case and read, in pertinent part, "[t]his is a formal claim." [DE 15-1]. This claim was rejected in writing on February 14, 2013. [DE 15-1]. Thus, the two-year clock began running on February

---

[1] Plaintiff does contend that defendant's delay in shipping constituted a unilateral change in the agreement which plaintiff did not accept, so plaintiff should not be bound by the bill of lading's terms. However plaintiff has not alleged sufficient facts to show a breach on the part of defendant. This Court has already held that "delay alone cannot amount to a breach of a shipping contract absent a specific agreement for delivery at a certain time." *Crown Pac. Int'l, Inc. v. Horizon Lines, LLC*, 2014 U.S. Dist. LEXIS 41078, *3 (E.D.N.C. Mar. 26, 2014). Here, the dates at issue were included as "*estimated* time of departure" and "*estimated* time of arrival." (Emphasis added).

3

14, 2013, and expired on February 14, 2015. Plaintiff filed the instant complaint on June 8, 2015, which is almost four months beyond the end of the time limit. [DE 1]. Accordingly, plaintiff's complaint is time-barred.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED and plaintiff's complaint [DE 1] is DISMISSED as time-barred. The clerk is DIRECTED to close the case.

SO ORDERED, this __12__ day of November, 2015.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE